UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL GRANT on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CIVIL ACTION NO. 4:22-cv-1465** |
| **VES GROUP, INC. and MAXIMUS, INC.,** | § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1. Defendants VES Group, Inc. and Maximus, Inc. ("Defendant") required Plaintiff Michael Grant ("Plaintiff") to work more than forty (40) hours a week as a quality analyst but did not pay him the proper amount of overtime. Defendants accomplished this underpayment by failing to include a series of non-discretionary bonus payments in Plaintiff's regular rate when they calculated the amount overtime he was due.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., which mandates that non-exempt employees, such as Plaintiff and other hourly workers, be compensated at one and one-half times their actual regular rate for each hour worked over forty hours per week. *See* 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former quality analysts who performed work for Defendants during the three-year period before the filing of this Complaint up to the date

1

the Court authorizes notice. Members of the collective action are hereinafter referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

6. Plaintiff worked in this District when the violations took place.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Michael Grant is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

8. The Class Members are all of Defendant's quality analysts and employees in similar roles who worked for Defendant throughout the United States during the three-year period before the filing of this Complaint.

9. Defendant VES Group, Inc. is a corporation organized under the laws of Texas. Defendant VES Group, Inc. may be served process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10. Defendant Maximus, Inc. is a corporation organized under the laws of Virginia. Defendant Maximus, Inc. may be served process through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting business activities in the state of

Texas. Defendants established minimum contacts in Texas, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendants is consistent with the constitutional requirements of due process.

### FLSA COVERAGE

12. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(r), 203(s)(1).

14. At all material times, Defendants have had an annual gross business volume in excess of the statutory standard.

15. At all material times, Plaintiff and Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

### FACTS

16. Defendant VES Group, Inc. is a wholly owned subsidiary of Defendant Maximus, Inc.

17. Defendant Maximus, Inc. acquired Defendant VES Group, Inc. in approximately May of 2021.

18. Defendant VES Group, Inc. is a contractor for the Veterans Administration ("VA").

19. One of Defendants' principal lines of business is the review of benefit claims veterans file with the VA.

20. To perform this work, Defendants hire quality analysts, such as Plaintiff Grant.

21. A quality analyst is responsible for reviewing Medical Disability Examination ("MDE") reports and Disability Benefit Questionnaires ("DBQs") to ensure the MDE reports and DBQs are consistent with the VA requirements, essentially meaning that these forms are correctly filled out.

22. Quality analysts are non-exempt employees under the FLSA and entitled to overtime.

23. Plaintiff began working for Defendants in October 2018 and is currently employed.

24. Plaintiff works for Defendants as a quality analyst and quality analyst team lead.

25. Like Defendants' other quality analysts, Defendant pays Plaintiff on an hourly basis.

26. Defendants did not pay Plaintiff on a salary basis.

27. When Plaintiff worked more than 40 hours in a week, Defendants paid him overtime at a rate of 1.5 times his hourly rate.

28. In addition to his hourly rate, Defendants also paid Plaintiff a series of non-discretionary bonuses.

29. Defendants set a quota for the work they expect their quality analysts to perform each month and then pay a bonus for work in excess of that quota.

30. Defendants communicate this bonus structure on a month-by-month basis to their quality analysts.

31. For example, in December of 2021, Defendants emailed all of its quality analysts that the month structure for that month would award, among other incentives, $8 per DBQ reviewed over the monthly quota.

32. Defendants' quality analysts are aware of the bonus structure applicable to their work before that work is performed because Defendants provide them with the bonus structure in writing each month.

33. Defendants paid these bonuses typically in the month after they were earned.

34. When Defendants calculated the amount of overtime their quality analysts would receive, it failed to include the amount of bonus compensation in the regular rate calculation.

35. The FLSA requires the inclusion of non-discretionary bonuses, such as those paid out by Defendants here, into the regular rate for the purposes of calculating overtime. *See* 29 C.F.R. § 778.208.

36. By excluding the bonus compensation from the regular rate, Defendants calculated overtime using an artificially low regular rate and, as a result, significantly underpaid the amount of overtime it should have paid to its employees.

37. Defendants pay all their quality analysts using this same bonus structure.

38. Plaintiff and other quality analysts routinely work overtime hours.

39. For example, in 2021, Plaintiff worked over 190 overtime hours.

40. Defendants fail to include the bonus compensation into the regular rates of their other quality analysts when calculating the overtime paid to those employees.

41. At all times relevant to this this lawsuit, Defendants' quality analysts were non-exempt hourly paid employees.

42. In the last three years, Defendants have employed at least 250 quality analysts paid on the same bonus structure as Plaintiff.

43. Defendants employ quality analysists across the country.

44. Defendants do not pay quality analysts on a salary basis.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as quality analysts, and in substantially similar positions, within three (3) years from the commencement of this action who have, like Plaintiff, not been compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a single week.

46. Plaintiff has first-hand knowledge, through his personal work experience and communications with other employees of the Defendants, that a class of similarly-situated employees exists who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

47. Defendants use the same compensation structure regardless of the location of employment of a particular Class Member.

48. Defendants use the same compensation structure regardless of the supervisor of a particular Class Member. That is all Class Members are hourly paid and all Class Members are subject to the same bonus program.

49. All quality analysts perform the same essential job functions regardless of location.

50. Defendants have a common job description that applies to all quality analysts.

51. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of the proper amount of overtime pay.

52. The names and address of the Class Members of the collective action are available from Defendants' records. The Class Members should be allowed to receive notice via First Class Mail, email, job posting, and via a website with basic information about the lawsuit or by use of techniques and a form of notice like those customarily used in representative actions.

53. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

54. The Class may be properly defined as follows:

> All of Defendants' quality analysts who worked during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

## CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

55. Plaintiff incorporates the preceding paragraphs by reference.

56. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their actual regular rates. 29 U.S.C. § 207.

57. Defendants violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek calculated in the manner the FLSA requires.

58. Defendants cannot satisfy their burden to show that any exemption applies.

59.     Defendants have, therefore, violated and continue to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

60.     Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

61.     The foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

## DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

62.     Plaintiff and Class Members are entitled to recover their unpaid overtime compensation for all time worked in excess of forty (40) hours in a single week.

63.     Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

64.     Plaintiff and Class Members are also entitled to recover their attorney's fees and costs as required by the FLSA.

## JURY DEMAND

65.     Pursuant to his right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

66.     For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

   a.  Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b.  An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

      d.    Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

SOSA-MORRIS NEUMAN, PLLC

By: /s/ John Neuman
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813

LEAD ATTORNEY FOR PLAINTIFF

OF COUNSEL:
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813